IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CURTIS WEDO POOLE,** : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO.  7:05-CV-21(HL) |
| **DONALD BARROW, Warden,** : | |
| Defendant. : | |

## RECOMMENDATION

This is a § 1983 action brought by a *pro se* State of Georgia prisoner against a defendant who is or was the Warden of the prison where plaintiff was incarcerated when the events giving rise to this lawsuit arose.  Simply put plaintiff's complaint is that the defendant would not allow the plaintiff to possess the Internal Revenue Service forms necessary for him to file his income tax return for the year ending December 31, 2003.  According to the plaintiff, the defendant told him that the Internal Revenue Service forms were not allowed inside the prison and were in fact considered to be contraband.  The undersigned makes absolutely no accusations of the plaintiff herein, however the fact that the forms are considered to be contraband is no doubt due to the well demonstrated propensity of some prisoners to file fraudulent income tax returns over the years.

Presently pending is the plaintiff's motion to amend his complaint to add evidently two new defendants and a claim of what the plaintiff refers to as mail fraud (doc. # 19).  The undersigned is well aware of the leniency historically extended to *pro se* litigants by this court.  Further, the undersigned notes that pursuant to Federal Rule of Civil Procedure 15(a), "leave [to

amend] shall be freely given when justice so requires." However for the reasons set out below, it is the RECOMMENDATION of the undersigned that plaintiff's motion to amend be DENIED.

Plaintiff's complaint and attachments thereto, consisting of nineteen pages bears his signature in seven different locations (doc. # 2, pp. 11 - 15, 17, 19).  Five of those signatures are dated either by the plaintiff or a notary public on December 17, 2004 (doc. # 2, pp. 12 - 15, 17).  In one instance the notary public dated her signature on December 20, 2004 (doc. # 2, p. 19). Conversations with the appropriate docket clerk tend to indicate that the plaintiff incorrectly submitted his complaint for filing in the Southern District of Georgia on February 23, 2005. Review of the electronic docket for this file reveals the complaint to have been filed in this court on March 7, 2005.  While the delay between preparation and filing of the complaint can not be explained from the record, the date of December 20, 2004 for the signature of the notary public clearly shows that the plaintiff did not file the complaint until after that date.

Plaintiff's motion to amend the complaint contains the dates of July 5, 2004, July 9, 2004, July 11 or 12, 2004, July 30, 2004, August 6, 2004, August 26, 2004, December 5, 2004, and February 24, 2005 (doc. # 19).  All of the dates contained in the motion to amend occurred prior to the filing of the original complaint with the exception of February 24, 2004.  As earlier noted the crux of plaintiff's motion to amend is lost or misplaced mail (he does not appear to allege this to be an intentional act).  Paragraph 6 of the motion to amend clearly shows that plaintiff had knowledge that his mail was missing as early as August 26, 2004, and further that he knew the identities of those allegedly responsible some six months prior to his filing his complaint in the Southern District of Georgia.  Plaintiff could have easily therefore included the claim and defendants he seeks to add by amendment in his original complaint.  He has offered no reason

for his failure to do so.  The answer in this case was filed in November 2005 (doc. # 15).  This is not a case of the plaintiff learning the identities of the sought to be added defendants for the first time during discovery.  Having earlier acknowledged the Rule 15(a) direction that leave shall be freely given when justice so requires, the undersigned cannot find in view of the facts as set out above, that justice so requires under these circumstances.  It is therefore RECOMMENDED that the motion to amend the complaint be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 18th  day of August 2006.


                                                                  */s/ Richard L. Hodge*
                                                                  RICHARD L. HODGE
                                                                  UNITED STATES MAGISTRATE JUDGE