IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CURTIS WEDO POOLE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:05-CV-21 (HL) |
| **DONALD BARROW, Warden,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

### ORDER

Before the Court is a Report and Recommendation (Doc. 22) from United States Magistrate Judge Richard L. Hodge that recommends denying Plaintiff's Motion for Leave to Amend (Doc. 19). Plaintiff filed a Motion for Extension of Time to File an Objection (Doc.23) on August 28, 2006 and an Objection to the Recommendation on August 31, 2006.[1] Pursuant to 28 U.S.C. § 636, the Court has thoroughly considered Plaintiff's Motion, the Recommendation, and Plaintiff's Objection. For the reasons discussed herein, Plaintiff's

---

[1] Pursuant to the Prisoner Mailbox Rule, originally established in Houston v. Lack, 487 U.S. 266, 270-75, 108 S.Ct. 2379, 2382-85 (1988), a prisoner's filings are deemed filed on the date that the prisoner delivers the filing to prison authorities for mailing. Id. In the absence of evidence to the contrary in the form of prison logs or other records, the date on which a prisoner signed the filing will control. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, Plaintiff's Motion for Extension of Time is dated August 28, 2006 and Plaintiff's Objection is dated August 31, 2006. Although Plaintiff's Motion for Extension of Time to an Objection and Plaintiff's Objection were both received and electronically filed on September 5, 2006, the Court must assume that Plaintiff delivered these documents to prison officials on the date the documents were signed as no evidence to the contrary has been submitted.

Motion for Extension of Time to File an Objection is dismissed as moot, the Report and Recommendation is rejected, and Plaintiff's Motion for Leave to Amend is granted.

### A. PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN OBJECTION

As an initial matter, the Court notes that Plaintiff filed a Motion for Extension of Time to File an Objection on August 28, 2006. Plaintiff requested ten additional days in which to file an Objection to the Recommendation. Plaintiff then filed his Objection to the Recommendation three days later on August 31, 2006, within prescribed period for filing objections to the Report and Recommendation. Accordingly, because Plaintiff's Objection has already been filed in a timely manner, Plaintiff's Motion for Extension of Time to File an Objection is dismissed as moot.

### B. PLAINTIFF'S OBJECTION AND MOTION TO AMEND

Plaintiff originally brought suit, under 42 U.S.C. § 1983, alleging Donald Barrow, the Warden of Valdosta State Prison, violated Plaintiff's substantive due process rights in prohibiting Plaintiff from possessing Internal Revenue Service forms required to file an income tax return for 2003. Plaintiff filed his Complaint and a Motion for Leave to Proceed in Forma Pauperis on March 7, 2005. Plaintiff was granted in forma pauperis status on June 21, 2005 and the Marshal's Service was directed to serve Defendant with the Complaint on October 21, 2005. Defendant filed his Answer on November 30, 2005, and Plaintiff filed his Motion for Leave to Amend sixteen days later on December 16, 2005.

Plaintiff seeks permission to add a claim of "mail fraud" against two individuals, "Mrs. Anderson and Mr. Hurst," that work in the mail room at Valdosta State Prison. Plaintiff alledges that because "inmates are not allowed to have documents cop[ied] for any

reason," he mailed "documents pertaining to [this] case" to an individual in Jacksonville, Florida to be copied and returned to him. Plaintiff asserts that the documents were received in Jacksonville on July 9, 2004 and the documents and additional copies were mailed back to him on July 11, 2004 or July12, 2004. When Plaintiff did not received the original documents or the additional copies in a reasonable amount of time, he contacted the individual in Jacksonville. After learning that the original documents and copies had been mailed, Plaintiff contacted the mail room at Valdosta State Prison.

Plaintiff asserts that his counsel[2] contacted the mail room via telephone on August 26, 2004 and spoke to "Mrs. Anderson" concerning Plaintiff's missing mail. According to Plaintiff, Anderson told him that she remembered seeing three legal envelopes addressed to Plaintiff. Anderson then allegedly searched for the envelopes, but could not find them. Apparently upon the suggestion of Anderson, Plaintiff then wrote the Post Master General about his missing mail. Plaintiff asserts that he received a response to his inquiry on February 24, 2005.  Plaintiff alleges "[a]ll plaintiff's original documents [have] been destroyed due to this law suit I filed against the defendant." Approximately six months later, Plaintiff moved for leave to amend his Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite this broad requirement, undue delay, undue prejudice to defendants, and futility of the amendment are

---

[2] The Court notes that Plaintiff states that his counsel telephoned the mail room at Valdosta State Prison; however, no attorney has filed a notice of appearance on Plaintiff's behalf in this case.

sufficient to justify denying a motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1952). Here, the Magistrate Judge recommends denying Plaintiff leave to amend because Plaintiff waited approximately six months after learning of the alleged destruction of his mail, to attempt to amend his Complaint.

Plaintiff objects to the Recommendation and asserts that the delay between the time he learned of the alleged violation and the time he requested leave to amend was a result of his participation in the administrative grievance process. Plaintiff describes in detail the various steps of the grievance process and notes that the entire process can take more than one hundred and fifty days to complete. Further, Plaintiff argues that because prisoners who wish to bring legal actions concerning prison conditions are required to exhaust the available administrative remedies prior to filing a civil complaint, any delay caused by utilizing the available administrative remedies should not result in undue delay. See 42 U.S.C. § 1997e(a) (2000). The Court agrees and finds that Plaintiff's delay in amending his complaint is reasonable under the circumstances. Accordingly, Plaintiff's Motion for Leave to Amend is granted.

**SO ORDERED**, this the 12th day of September, 2006.

                                        **/s/ Hugh Lawson**
                                        **HUGH LAWSON, Judge**

scs