IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CURTIS WEDO POOLE, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 05-CV-21 (HL) |
| WARDEN BARROW, et al., | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is a motion for summary judgment filed by defendant Barrow (doc. 39) and plaintiff's cross-motion for summary judgment (doc. 45).[1]

Plaintiff states in the complaint he was unable to receive his wage records, federal and state revenue information and income tax instructions while housed at Valdosta State Prison. Plaintiff states that he was informed that the tax materials were "contraband" thus, not allowed per prison policy. Plaintiff essentially argues that the policy prohibiting access to federal and state income tax materials amounts to a deprivation of property without due process.

Defendant Barrow, who is the warden of the institution housing plaintiff during the relevant time, now moves for summary judgment based upon plaintiff's failure to exhaust his administrative remedies.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

---

[1] Other defendants are not a party to this motion for summary judgment, and therefore remain in as party defendants.

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).

In his original complaint, plaintiff admits that the prison has a grievance procedure, but that he did not file a grievance; instead, he states that "I written numerous of inquiries to the warden, commissioner, IRS, Department of Corrections, for the federal violation [sic]" (doc.2).

The Georgia Department of Corrections grievance procedure allows inmates to obtain and file an Inmate Grievance Form for any complaints against officers/staff members, or any other complaint whatsoever, including any complaints concerning mail or property matters. (Ex. A, para 3, doc. 40). The administrative grievance process requires an inmate to file an inmate grievance form with the Warden's office, where such grievance is investigated, and responded to by the Warden's office. (Ex. A, para 3, doc. 40). If an inmate is not satisfied with the Warden's response to an inmate's grievance, such inmate must appeal such grievance to the Georgia Department of Corrections Inmate Appeals Unit, which Unit investigates and makes the final ruling on any complaint at the administrative level. (Ex. A, para 3, doc. 40).

42 U.S.C. Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a

prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

"That provision plainly requires that administrative remedies be exhausted *before* the filing of suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). Exhaustion of administrative remedies is a precondition to the filing of a §1983 suit in federal district court. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir.2001) (per curiam). See also Lyons v. Serrano, 205 Fed. Appx. 719, (11th Cir. 2006). According to records maintained at the prison, plaintiff failed to exhaust the administrative remedies available to him prior to the filing of this lawsuit.

In his response and cross-motion for summary judgment to defendant Barrow's motion for summary judgment (doc. 45), plaintiff asserts that he filed an informal grievance on November 12, 2004, which was denied on December 9, 2004 as it was out of time. Plaintiff contends that he attempted verbally to complain about the issue regarding his IRS forms for several months prior to filing the informal grievance, and that he was assured, verbally, that it would be taken care of. However, plaintiff admits that he did not pursue his grievance any further. In fact, plaintiff signed his original complaint in the instant action on December 17, 2004, and it was filed on March 7, 2005.

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an

administrative remedy program before filing an action such as this.

Consequently, it is the RECOMMENDATION of the undersigned that defendant Barrow's motion for summary judgment be **GRANTED** and that plaintiff's cross-motion for summary judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of February, 2008.

                                                  //S Richard L. Hodge
                                                  RICHARD L. HODGE
                                                  UNITED STATES MAGISTRATE JUDGE

msd