IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CURTIS WEDO POOLE, :
:
     Plaintiff, :
:
  VS. :
:     **7 : 05-CV-21 (HL)**
WARDEN BARROW, et al., :
:
     Defendants. :

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are motions for summary judgement filed by defendant Anderson (doc. 46) and defendant Horton (doc. 63). [1]

In his amended complaint, plaintiff alleges that defendants Anderson and Horton, who were employed at the mail room at the institution housing plaintiff during the relevant time, violated his constitutional rights through "mail fraud," apparently because the prison mail room received mail for the plaintiff and that, as plaintiff never allegedly received such mail, someone in the mail room (and these are the only two individuals working in the mail room during the relevant time) must have destroyed it. Defendants Anderson and Horton now move for summary judgment based upon plaintiff's failure to exhaust his administrative remedies.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable

---

[1] Defendant Barrow was granted summary judgment in this action by an order dated March 26, 2008.

inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).

The Georgia Department of Corrections grievance procedure allows inmates to obtain and file an Inmate Grievance Form for any complaints against officers/staff members, or any other complaint whatsoever, including any complaints concerning mail or property matters. (Ex. A, para 3, doc. 40). The administrative grievance process requires an inmate to file an inmate grievance form with the Warden's office, where such grievance is investigated, and responded to by the Warden's office. (Ex. A, para 3, doc. 40). If an inmate is not satisfied with the Warden's response to an inmate's grievance, such inmate must appeal such grievance to the Georgia Department of Corrections Inmate Appeals Unit, which Unit investigates and makes the final ruling on any complaint at the administrative level. (Ex. A, para 3, doc. 40).

42 U.S.C. Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

"That provision plainly requires that administrative remedies be exhausted *before* the filing of suit, rather than while the action is pending." <u>Wendell v. Asher</u>, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). Exhaustion of administrative remedies is a precondition to the filing of a §1983 suit in federal district court. <u>Leal v. Ga. Dep't of Corr</u>., 254 F.3d 1276, 1279 (11th Cir.2001) (per curiam). See also <u>Lyons v. Serrano</u>, 205 Fed. Appx. 719, (11th Cir. 2006). According to records maintained at the prison, plaintiff failed to exhaust the administrative remedies available to him prior to the filing of this lawsuit.

Although plaintiff's allegations concerning these defendants occurred around July-August 2004, no grievance was ever filed by plaintiff regarding same. Specifically, during his incarceration at Lowndes States Prison, plaintiff exhausted only three (3) grievances through the administrative appeals process (Ex. A, para 4). Such grievances include Grievance No. 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, dated July 8, 2005; Grievance No. 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, dated November 9, 2005 and Grievance No. 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, dated January 20, 2006. (Ex. A, para 4). Only one of such grievances concerns an issue of mail, to wit, grievance no. 502-05- 0028, which was filed against co-Defendant Anderson. (Exhibits B and B-1 respectively; See also, Ex. A, para 4). This grievance concerns allegations allegedly occurring on or about June 2005, approximately one year after the allegations cited in this complaint, on or about July-August 2004.

In his responses to defendants' motions for summary judgment (doc. 55, 56, 70, 71), plaintiff asserts that he attempted to file grievances regarding this matter, but was told by an official at the prison who is not named as a defendant herein to wait until the official could conduct an investigation into the missing legal mail. Plaintiff says it is for this reason that the grievances he filed were determined to be out of time.

However, plaintiff admits that he did not pursue his grievance any further, or make an attempt to pursue other avenues regarding these issues administratively prior to filing this lawsuit.

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of <u>Alexander v. Hawk</u> is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

Consequently, it is the RECOMMENDATION of the undersigned that the motions for summary judgment filed on behalf of defendants Anderson and Horton be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of May, 2008.

        //S Richard L. Hodge
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE

msd